UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BETTIE PAGE, LLC,

    Plaintiff,

v.

VIBES BASE ENTERPRISES, INC.

    Defendant.

CASE NO. 1:14-cv-2052 SEB-MJD

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

This is an action by BETTIE PAGE, LLC for unfair competition under federal, California and Indiana common law, violation of right of publicity under Cal. Civ. Code §3344.1, declaratory judgment arising under the Federal Declaratory Judgments Act (28 U.S.C. §§ 2201 and 2202), and for the cancellation of a federal trademark registration under the federal Trademark Act (the "Lanham Act") (15 U.S.C. §§ 1064 and 1125(a),(c) et seq.).

### I.   PARTIES.

1. Plaintiff Bettie Page, LLC ("BPL") is a limited liability company organized and existing under the laws of the State of Indiana, having its principal place of business located at 10500 Crosspoint Boulevard, Indianapolis (Hamilton County), Indiana 46256; BLP is the exclusive owner of the name, likeness, voice, right of publicity and endorsement, worldwide trademarks[1], copyrights, and other intellectual property including but not limited to visual and

---

[1] BPL is the owner of federal trademark reg. nos. 2,868,614 (international class 025) and 2,868,613 (international class 016) for the mark BETTIE PAGE. BPL is also the owner of federal trademark reg. nos. 3,990,137 and 3,989,673 for the mark "QUEEN OF PINUPS."

aural depictions, artifacts, memorabilia, and life-story rights, and / or trade dress of the late internationally recognized model, Bettie Page (hereinafter collectively the "Page Intellectual Property").

2. Defendant VIBES BASE ENTERPRISES, INC. is a California corporation located at address of 9328 Telstar Avenue, El Monte, California 91731; Defendant, upon information and belief, is engaged in the business of developing, manufacturing, and marketing lines of apparel products and accessories under the brand names such as Standards & Practices, Poetic Justice, Halladay, BETTE PAIGE, Level 7, and Vibes Gold Label brand.

## II. JURISDICTION.

3. Original federal subject matter jurisdiction over the subject matter of the parties' disputes is proper pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§2201 and 2202 et seq., the Lanham Act, 15 U.S.C. §§ 1064 and 1125(a) et seq., and 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over Defendant pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure because Defendant could be subjected to the general jurisdiction of the courts of the State of Indiana due to its conduct within and affecting the State of Indiana.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. 1391(b)(2) because Defendant has committed a substantial portion of the acts complained of in this judicial district.

## III. FACTS.

6. The late Bettie Page ("Page") was an internationally recognized model, actress, and the original pin-up queen who died December 11, 2008. As a direct and proximate result of the attendant fame and prominence achieved by Page, both during her lifetime and after, various

commercial rights of substantial value have attached to the Page Intellectual Property, including but not limited to the rights of association, sponsorship, and / or endorsement as related to Page's name, image, and / or likeness (the "Page Right of Publicity"). These rights are proprietary rights recognized and protected by the common law and state and federal statutes in the United States and various foreign countries.

7. During her lifetime and thereafter, Page, individually, and BPL have continuously and extensively licensed the Page Intellectual Property, including but not limited to the Page Right of Publicity, to third parties desiring to associate themselves and / or their products and / or services with Page, in commerce and likewise, Page and / or BPL have protected the Page Intellectual Property, including but not limited to the Page Right of Publicity from those seeking an unauthorized association for themselves and / or their products and / or services without prior express authorization by Page, herself, or those duly authorized to act on Page's behalf.

8. CMG Worldwide, Inc. ("CMG") is the exclusive, worldwide agent for Bettie Page, LLC and is the premier celebrity licensing agency, recognized around the world as agent and representative for such internationally recognized celebrities as James Dean, Jackie Robinson, Maya Angelou, Ella Fitzgerald, Amelia Earhart, and Chuck Berry.

9. Also in its capacity as the exclusive licensing representative to BPL, CMG enforces and protects the Page Intellectual Property, including but not limited to the Page Right of Publicity, from unauthorized and illegal commercial uses of the Page Intellectual Property by third party unauthorized users thereof.

10. On May 11, 1999, Sand K. Inc. ("Sand") obtained federal trademark registration no. 2,244,182 for the mark BETTE PAIGE (the "Unauthorized Mark") in International Class 025

for "women's clothing, namely, sweaters, hats, scarves, coats, jackets, shirts, shorts, skirts, pants, dresses, gloves, underwear, swimwear and footwear;" the alleged first use date of the Unauthorized Mark was June 22, 1996. A copy of the registration certificate for registration no. 2,244,182 is attached hereto as **Exhibit A**.

11. Sand's (and now Defendant's) intent in the registration of the Unauthorized Mark was unmistakably an attempt by Sand (and now Defendant) to trade off the goodwill associated with the Page Intellectual Property, including but not limited to the Page Right of Publicity.

12. At the time Sand filed for the registration of the Unauthorization Mark, Page was reintroduced to new generations of eager young fans. There was a massive resurgence of public interest in Page due to the release of comic book series "The Rocketeer" and the subsequent Disney feature film "The Rocketeer" starring Jennifer Connelly in 1991, which included a character based on Page and resulted in her international fame. See Exhibit B attached hereto.

13. Both during her lifetime, and currently, especially upon the afore-described resurgence of interest in and notoriety of Page, Page's persona is continuously invoked by contemporary artists who attempt to mimic Page's image through a "naughty and nice" pictorial, including Madonna, Uma Thurman, Jenna Jameson, Dita von Teese, Demi Moore, Christy Turlington, and Renee Zellweger.

14. Ultimately, Sand later assigned the registration in and to the Unauthorized Mark to Defendant on August 11, 2011. The assignment is attached hereto as Exhibit C.

15. Neither Sand nor Defendant sought Page's and / or BPL's authorization to register and / or use the Unauthorized Mark in commerce on and / or in connection with women's apparel products.

16. On March 5, 2014, BPL filed federal trademark application no. 86/212,319 (the "Application") for the mark BETTIE PAGE (the "Mark") in International Class 035 for "computerized on-line retail store services in the field of clothing, shoes, and accessories; on-line retail store services featuring clothing, shoes, and accessories; on-line wholesale and retail store services featuring clothing, shoes, and accessories; retail apparel stores; retail clothing stores; retail store services featuring clothing, shoes, and accessories; retail clothing, shoes, and accessories stores." See Exhibit D.

17. On June 17, 2014, the United States' Patent and Trademark Office refused registration of the Application for the Mark on the basis of a likelihood of confusion with the Unauthorized Mark; this refusal for registration was despite the fact that BPL maintains a federal registration for the Mark in international class 025 (the same class of goods for which the Unauthorized Mark was registered by the United States Patent and Trademark Office).

### IV. DEFENDANT'S UNAUTHORIZED AND INFRINGING ACTIVITIES COMMON TO ALL COUNTS.

18. As noted herein, Defendant designs, manufactures, markets, and / or sells, in commerce, a line of apparel on and / of in co designing, manufacturing, marketing, and offering for sale, in commerce, women's apparel and other fashion-related merchandise. See Exhibit E.

19. Defendant's registration of the Unauthorized Mark and / or use of the Unauthorized Mark, in commerce, constitutes the unauthorized and illegal use of the Page Intellectual Property, including but not limited to the Page Right of Publicity.

20 Defendant's use of the Unauthorized Mark in commerce on and / or in connection with the production, marketing, advertisement, and / or sale of Defendant's apparel product

constitutes a clever, yet illegal means for Defendant to trade off the goodwill associated with the Page Intellectual Property, including but not limited to the Page Right of Publicity.

21. Defendant's use of the Unauthorized Mark, clever as it is, is an unmistakable attempt by Defendant to falsely associate Defendant's apparel products with Page and / or the the Page Intellectual Property, including but not limited to the Page Right of Publicity.

22. As a result of Defendant's unauthorized use and registration of the Unauthorized Mark, BPL has been irreparably harmed.

## V. CAUSES OF ACTION.

### A. (DAMAGES).

### COUNT I
### UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)

23. BPL incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 22. of this Complaint.

24. BPL owns and Defendant has and continues to intentionally and maliciously use, in interstate commerce, the Page Intellectual Property in a manner that is likely to and has caused confusion, mistake, and / or deception in the marketplace as to the origin, sponsorship, or approval of Defendant's apparel line by BPL.

25. Defendant's activities constitutes use of a term, name, symbol, or device, or a false designation of origin, or a false or misleading description or representation of fact in interstate commerce, which is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant's apparel line with Page, and, further, as to the origin, sponsorship, endorsement, or approval of said products by BPL.

26. Defendant's activities have been willful, deliberate, and intentional, thereby causing a likelihood of confusion, and such uses were likewise done with the intent to trade upon the goodwill and reputation of BPL.

27. BPL's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendant unless Defendants is enjoined from its exploitative and infringing commercial business practices.

28. BPL's rights have been and will continue to be irreparably harmed by Defendant unless Defendant is enjoined from the unauthorized use of the Page Intellectual Property.

29. Defendant's activities constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(A).

30. By reason of Defendant's wrongful acts as alleged herein, BPL's remedy of law is inadequate to prevent further violation of its rights.

## COUNT II
### UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200 *ET SEQ*

31. BPL incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 30. of this Complaint.

32. BPL owns and Defendant has and continues to intentionally and maliciously use, in California intrastate commerce, the Page Intellectual Property in a manner that is likely to and has caused confusion, mistake, and / or deception in the marketplace as to the origin, sponsorship, or approval of Defendant's apparel line by BPL.

33. Defendant's activities constitutes use of a term, name, symbol, or device, or a false designation of origin, or a false or misleading description or representation of fact in interstate commerce, which is likely to cause confusion, mistake, or to deceive as to the

affiliation, connection, or association of Defendant's apparel line with Page, and, further, as to the origin, sponsorship, endorsement, or approval of said products by BPL.

34. Defendant's unfair business practices as herein described have been willful, deliberate, and intentional, thereby causing a likelihood of confusion, and such uses were likewise done with the intent to trade upon the goodwill and reputation of BPL.

35. BPL's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendant unless Defendants is enjoined from its exploitative, infringing, and unfair business practices which are expressly prohibited under Cal. Bus. & Prof. Code §17200 *et. seq.*

36. BPL's rights have been and will continue to be irreparably harmed by Defendant unless Defendant is enjoined from the unauthorized use of the Page Intellectual Property.

37. Defendant's activities constitute unfair competition in violation of Cal. Bus. & Prof. Code §17200 *et. seq.*

38. By reason of Defendant's wrongful acts as alleged herein, BPL's remedy of law is inadequate to prevent further violation of its rights.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

39. BPL hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 38. of its Complaint.

40. Defendant has knowingly, intentionally, and maliciously incorporated and used the Page Intellectual Property on or in connection with its line of women's apparel in direct violation of the common law of the State of California.

41. Defendant's actions constitutes misappropriation of the Page Intellectual Property.

42. Defendant's actions with regard to Defendant's unauthorized use of the Page Intellectual Property on or in connection with its line of apparel were taken by Defendant knowingly, willfully, and intentionally and with full knowledge of the proprietary nature of the Page Intellectual Property.

43. BPL's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendant unless Defendant is enjoined from Defendant's exploitative and infringing commercial business practices.

44. BPL's rights have been and will continue to be irreparably harmed by Defendant unless Defendant is enjoined from its use of the Page Intellectual Property.

45. By reason of Defendant's wrongful acts as alleged herein, BPL's remedy of law is inadequate to prevent further violation of its rights.

## COUNT IV
## UNJUST ENRICHMENT

46. BPL hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 45. of this Complaint.

47. At the expense of and detriment to and without the prior express (or implied) authorization of BPL, Defendant has been unjustly enriched through its knowing, intentional, willful, and malicious use of the Page Intellectual Property.

48. BPL's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendant unless Defendant is preliminarily enjoined from its exploitative and infringing commercial business practices.

49. By reason of Defendant's wrongful acts as alleged herein, BPL's remedy at law is inadequate to prevent further violation of its rights.

## COUNT V
## RIGHT OF PUBLICITY INFRINGEMENT UNDER CAL. CIV. CODE §3344.1

50. BPL hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 49. of this Complaint.

51. Page is a "deceased personality" within meaning of Cal. Civ. Code §3344.1 because her name, image, and likeness had commercial value at the time of her death in 2008. At the time of her death, Page was domiciled in California.

52. BPL is, and all relevant times has been, the registered agent in Calfornia for Page's Right of Publicity as such, BPL is a real party in interest and may duly exercise and enforce these rights pursuant to Cal.Civ.Code §3344.1.

53. Because Defendant has used the Page Right of Publicity on or in connection with its apparel line, without BPL's prior authorization, Defendant has violated Cal.Civ.Code §3344.1.

54. Defendant's unauthorized use of the Page Right of Publicity without BPL's prior authorization was so directly connected with the production, marketing, and sale of Defendant's products themselves that consent to Defendant' use of the Page Right of Publicity, as such, by BPL is required under Cal.Civ.Code §3344. Defendants did not obtain CMG's consent, written or otherwise, to use Page's name, image, or likeness in any manner.

55. As alleged by BPL herein, Defendant has knowingly, maliciously, and intentionally engaged in conduct prohibited by Cal.Civ.Code §3344.1. As a direct and proximate

result of Defendant's acts, including acts in California, BPL has been damaged and suffered harm, including injury to the value of its exclusive rights to Page's name, image, and likeness.

56. BPL's rights have been and will continue to be irreparably harmed by Defendant unless Defendant is enjoined from further continued use of the Page Right of Publicity.

57 By reason of Defendant's wrongful acts as alleged herein, BPL's remedy of law is inadequate to prevent further violation of its rights.

### B. EQUITABLE RELIEF.

### COUNT VI
### REQUEST FOR DECLARATORY JUDGMENT
### OF NO TRADEMARK INFRINGEMENT

58. BPL hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 57. of this Complaint.

59. Defendant claims that it possesses valid, enforceable trademark like rights in and to the Unauthorized Mark under 15 U.S.C. §1125(a) (the Lanham Act).

60. Defendant further claims that it possesses the right to use the Unauthorized Mark, in commerce, on and / or in association with its line of women's apparel and accessories.

61. In short, Defendant asserts that it can use and enforce trademark rights in and to the Unauthorized Mark.

62. BPL's use of the Mark as contained in the Application does not constitute infringement of Defendant's claimed rights in and to the Unauthorized Mark because: (a) Defendant's trademark registration for the Unauthorized Mark is invalid and therefore not enforceable because; (b) BPL is the rightful owner of the Mark as contained in the the

Application and for which BPL has valid, enforceable trademark rights as evidenced by its federal trademark registrations for the Mark; (c) in the alternative, BPL's mark is not confusingly similar to the Unauthorized Mark and, therefore, BPL's use of the Mark does not constitute trademark infringement under 15 U.S.C. §1125(a).

63.  There is an actual and justiciable controversy between the parties whether BPL has engaged in unfair competition and / or has infringed Defendant's alleged rights in and to the Unauthorized Mark under 15 U.S.C. §1125(a) by way of Defendant's use of the Mark in commerce.

64.  Absent a declaration that BPL's commercial use of the Mark does not constitute trademark infringement and / or unfair competition under 15 U.S.C. §1125(a), BPL, the rightful owner of the Mark will be irreparably injured because (a) BPL will not be able to register a federal trademark for the Mark as contained in the Application; (b) BPL's to date unquestioned right to use the Mark, as has been cultivated and solidified over years and years of commercial use and enforcement around the globe, will be called into question thereby resulting in harm not only to BPL but to those third party licensees who have lawfully licensed use of the Mark presently and over the years; (c) Defendant will continue to allege rights in and to the Unauthorized Mark which allegations will result in consumer confusion in the marketplace as to the true owner of the Mark.

65.  BPL seeks a declaration that it is not engaging in trademark infringement and / or unfair competition under 15 U.S.C. §1125(a) by using the Mark in commerce.

## COUNT VII
## DECLARATION THAT DEFENDANT'S REGISTRATION IS INVALID
### (NON COMPLIANCE WITH 15 U.S.C. §1052(c))

66. BPL hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 65. of this Complaint.

67. As noted hereinabove, Defendant obtained a federal trademark registration for the Unauthorized Mark on May 11, 1999 and in the application supporting the registration Defendant claimed that Defendant was had been using the Unauthorized Mark in commerce since June 22, 1996 on and / or in connection with "women's clothing, namely, sweaters, hats, scarves, coats, jackets, shirts, shorts, skirts, pants, dresses, gloves, underwear, swimwear and footwear." *See* Exhibits A.

68. Written consent is required for the federal trademark registration of a name, including a pseudonym, stage name or nickname, or signature, if the name or signature identifies a specific living individual. Trademark Act Section 2(c), 15 U.S.C. §1052(c).

69. Page was alive at the time the registration for the Unauthorized Mark was granted;

70. The registration contains no designation that Defendant (and / or, by assignment, Sand) obtained Page's written consent before the the federal trademark application for the Unauthorized Mark was filed.

71. There is an actual and justiciable controversy between the parties whether Defendant's trademark registration for the Unauthorized Mark is a valid, enforceable trademark registration.

72. Absent a declaration that Defendant's federal trademark registration no. 2,244,182 for the Unauthorized Mark is invalid under Trademark Act Section 2(c), 15 U.S.C. §1052(c), BPL, the only party that has the right to use Page's name as a trademark, will be irreparably

injured because (a) BPL will not be able to register a federal trademark for the Mark as contained in the Application; (b) BPL's to date unquestioned right to use the Mark, as has been cultivated and solidified over years and years of commercial use and enforcement around the globe, will be called into question thereby resulting in harm not only to BPL but to those third party licensees who have lawfully licensed use of the Mark presently and over the years; (c) Defendant will continue to allege rights in and to the Unauthorized Mark which allegations will result in consumer confusion in the marketplace as to the true owner of the Mark.

73.  BPL seeks a declaration that Defendant's trademark registration for the Unauthorized Mark is invalid.

## COUNT VIII
## DECLARATION THAT DEFENDANT'S REGISTRATION IS INVALID
## (FALSE DESIGNATION OF ORIGIN, SPONSORSHIP OR ENDORSEMENT)

74.  BPL hereby incorporates by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 73. of this Complaint.

75.  As noted hereinabove, Defendant obtained a federal trademark registration for the Unauthorized Mark on May 11, 1999 and in the application supporting the registration Defendant claimed that Defendant was had been using the Unauthorized Mark in commerce since June 22, 1996 on and / or in connection with "women's clothing, namely, sweaters, hats, scarves, coats, jackets, shirts, shorts, skirts, pants, dresses, gloves, underwear, swimwear and footwear." *See* Exhibit A.

76.  The Unauthorized Mark falsely suggests a connection with Page, a then-living / now deceased person.

77.  Because the Unauthorized Mark falsely suggests a connection with Page, a

then-living / now deceased person, the registration of the Unauthorized Mark is prohibited under 15 U.S.C. §§ 1052(a) and 1052(c).

78. There is an actual and justiciable controversy between the parties whether Defendant's trademark registration for the Unauthorized Mark is a valid, enforceable trademark registration.

79. Absent a declaration that Defendant's federal trademark registration no. 2,244,182 for the Unauthorized Mark is invalid under Trademark Act Section 2(c), 15 U.S.C. §1052(a), BPL, the only party that has the right to use Page's name as a trademark, will be irreparably injured because (a) BPL will not be able to register a federal trademark for the Mark as contained in the Application; (b) BPL's to date unquestioned right to use the Mark, as has been cultivated and solidified over years and years of commercial use and enforcement around the globe, will be called into question thereby resulting in harm not only to BPL but to those third party licensees who have lawfully licensed use of the Mark presently and over the years; (c) Defendant will continue to allege rights in and to the Unauthorized Mark which allegations will result in consumer confusion in the marketplace as to the true owner of the Mark.

80. BPL seeks a declaration that Defendant's trademark registration for the Unauthorized Mark is invalid.

## V. JURY DEMAND

81. As to the those claims for which declaratory relief is not sought, BPL hereby requests that said matters be tried by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, BETTIE PAGE, LLC (BPL) respectfully prays this Court for the following relief as against Defendant Vibes Base Enterprises, Inc. (Defendant):

A.  An order cancelling Defendant's federal trademark registration for the Unauthorized Mark;

B.  An award of actual damages, including profits, derived from the unauthorized use of the Unauthorized Mark, including but not limited to, pursuant to Cal.Civ.Code § 3344.1, federal law, and the common law;

C.  An award of treble damages for Defendants' knowing, willful, and / or intentional use of the Unauthorized Mark pursuant to Cal.Civ.Code § 3344 and federal law;

D.  An award of reasonable attorneys' fees, costs, expenses (including but not necessarily limited to actual travel expenses, reasonable loss of time, actual and indirect expenses for said loss of time), and / or all other reasonable costs of collection as related to this action pursuant to Cal.Civ.Code § 3344 and federal law;

E.  An order directing Defendant to destroy or surrender to BPL any and all products in Defendant's possession which products bear the Unauthorized Mark and to recall any and any and all products featuring the Unauthorized Mark in the possession of Defendant's franchisees, retailers and / or distributors, and likewise, to subsequently destroy and / or surrender said products upon Defendant's receipt thereof;

F.  An order directing Defendant's franchisees, retailers and / or distributors to which any and all products featuring the Unauthorized Mark may have been distributed, to either return said products to Defendant for destruction or to voluntarily destroy all said products in Defendant's franchisees', retailers' and / or distributors' respective possession;

G.  In the alternative to the foregoing requested relief, an order declaring that the Mark as contained in the Application is not confusingly similar to the Unauthorized Application as alleged by the United States Patent Trademark Office in its objection to the registration of the Mark as contained in the Application; and

H.  Any and all other just, proper, and equitable relief in the premises.

Dated: December 15, 2014
Indianapolis, Indiana

Respectfully submitted,

*/s/ Theodore J. Minch*
Theodore J. Minch (18798-49)
SOVICH MINCH, LLP
10500 Crosspoint Boulevard
Indianapolis, Indiana 46256
Tel: (317) 335-3601
Fax: (317) 335-3602
E-mail: tjminch@sovichminch.com

*Attorneys for Bettie Page, LLC*